
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERDENEJARGAL NATSAG, et al., | No. 09-70377 |
| Petitioners, | Agency Nos.    A098-539-287 |
| | A098-539-288 |
| v. | A098-539-289 |
| | A098-539-290 |
| ERIC H. HOLDER, Jr., Attorney General, | A098-539-291 |
| Respondent. | |
| | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2013**
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Petitioners Erdenejargal Natsag ("Natsag"), Altansukh Namsrai

("Namsrai"), and their three children, natives and citizens of Mongolia, petition for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's denial of their applications for asylum and withholding of removal. We deny the petition. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

We review factual findings for substantial evidence. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1087 (9th Cir. 2013) (en banc). The findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"An applicant [for asylum] has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Henriquez-Rivas*, 707 F.3d at 1083 (internal quotation marks omitted). An outright failure to respond to crime reports may constitute an unwillingness by the government to protect a victim, *Singh v. INS*, 94 F.3d 1353, 1360 (9th Cir. 1996), but an inability to solve a crime does not, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Substantial evidence supports the BIA's conclusion that Petitioners did not establish that the police were unable or unwilling to control Natsag's brother, who was allegedly responsible for violence against Petitioners. The record shows that

(1) the police investigated the attack on Namsrai for one month and seven days and were unable to link the brother to the attack; (2) the police investigated the fire that burned down Petitioners' home; (3) Natsag did not contact the police further despite her suspicion that her brother was responsible for the fire because she believed it was "no use"; and (4) Natsag testified that her brother would be imprisoned if she reported him. Moreover, substantial evidence supports the BIA's conclusion that Petitioners did not demonstrate a level of corruption in the Mongolian government that corroborates Natsag's belief that her brother has power over the police. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (testimony as to belief that police would do nothing did not establish that government was unable or unwilling to control persecutors).

Given our determination that substantial evidence supports the BIA's conclusion that Petitioners failed to establish that the Mongolian government was unable or unwilling to protect them, which resolves the petition, we need not—and do not—reach any other issue raised by the parties.

Because Petitioners have failed to establish eligibility for asylum, they necessarily fail to establish eligibility for withholding of removal. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

**PETITION DENIED**.